The opinion of the Court was delivered by
Whitner, J.
The state of pleadings in this case, though alluded to by the presiding Judge in his report, it is agreed, does not now enter into consideration. The single question raised and to be adjudged is, as to defendant’s liability for the penalty of his bond on the case made. The facts, as well as the sta *99 tutes bearing thereon, and a copy of the bond, all appear in the report.
The defendant was an applicant for a license to retail spirituous liquors within the corporate limits of the town of Aiken, which alone the Town Council had the power to grant.
The reading of the bond and the statute of 1835, (6 Stat. 528,) will at once satisfy most minds, that this obligation was intended a's a compliance with the’ requisition of the Act, which provides, that “ it shall not be lawful for any corporate body” “ to grant a license to retail, unless the applicant first enter into recognizance,” &c. The more especially when taken in connexion with the fact, that no recognizance, or' obligation, other than this, is brought in view, nor any ordinance authorizing or requiring such a proceeding, although the Circuit Judge, as most favorable to the plaintiffs in thé decision of the case against them, acquiesced in the assumption that a bond and recognizance had each been taken.
Notwithstanding the want of conformity between the paper and the recognizance under the statute, it is insisted, that analagous cases adjudged well warrant the substitution, at least so far as to secure the remedy. But if this is conceded, the question is still, what then is the extent of the defendant’s liability ? The terms of the statute are plain and specific. Such recognizance is liable to be estreated for all fines imposed by the Court for any violation of. the said laws of which the party shall be convicted by indictment. This then is to be the judgment on such recognizance, and when it is shown that although convicted of a violation of law and a fine was imposed, yet that the same has been paid, the recognizance for that offence is thereby satisfied, and the liability to estreat no longer exists therefor.
But if this was a bond for the corporate benefit, without inquiring as to the powers of corporate bodies to impose other-terms than those provided by the Legislature — whether the plan of granting licenses devised by the Legislature be exclusive of other restrictions, or whether the corporation may superadd other-duties and penalties, either as a police regulation or otherwise— *100 for the present it is sufficient that here has been brought to view no ordinance of Council on the subject, and hence nothing is found as emanating from either of' the law-making powers invoked in aid of this action, on which to base this proceeding.
The motion to set aside the non-suit on Circuit, is refused.
O’Neall, Wardlaw, Frost, Withers and Evans, JJ., concurred.

Motion refused.